The STATE of Ohio, Appellee,

v.

BUHRMAN, Appellant.

[Cite as *State v. Buhrman*, 180 Ohio App.3d 790, 2009-Ohio-689.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 08–CA–09.

Decided Feb. 13, 2009.

Stephen K. Haller, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Assistant Prosecuting Attorney, for appellee.

Michael B. Buhrman, pro se.

FAIN, Judge.

{¶ 1} Defendant-appellant, Michael Buhrman, appeals from the trial court's dismissal without prejudice of his petition for postconviction relief. He argues that the trial court erred in dismissing his petition without making any determination on either the merits or the timeliness of the petition. The state agrees with this position. Because we conclude that the trial court should not have dismissed Buhrman's petition without addressing the merits and timeliness of the petition, we sustain Buhrman's assignment of error. Accordingly, the judgment of the trial court is reversed.

I

{¶ 2} In 1992, Buhrman was indicted by a Greene County Grand Jury on three counts of aggravated murder, with death-penalty specifications. Soon after, Buhrman was indicted by a Montgomery County Grand Jury on 19 additional, unrelated charges. He entered into a plea agreement, pursuant to which he pleaded guilty to three reduced charges of involuntary manslaughter and nine of the Montgomery County charges. We declined to consider Buhrman's direct appeal, which was untimely. We also denied his motion for a delayed appeal.

{¶ 3} In 1996, Buhrman filed a petition for postconviction relief, which the trial court dismissed without a hearing. We affirmed the dismissal in *State v. Buhrman* (Sept. 12, 1997), Greene App. No. 96–CA–145, 1997 WL 566154. In 2001, Buhrman filed a second petition for postconviction relief. The trial court also dismissed that petition without a hearing. Burhman appealed, and we reversed the judgment of the trial court and remanded the cause for a hearing on

the merits and for consideration of the timeliness of the petition. *State v. Buhrman,* Greene App. No. 2003–CA–55, 2004-Ohio-1016, 2004 WL 405735. The state moved for reconsideration, which we denied.

{¶ 4} One year later the trial court held a hearing on the sole issue of the timeliness of the petition. Both parties filed memoranda in support of their positions. More than a year and a half later, in October 2006, with no ruling by the trial court, Buhrman filed a motion to dismiss his petition without prejudice. During a teleconference the following month, Buhrman told the trial court that he had changed his mind and wished to withdraw his motion to dismiss. After some discussion, the trial court and the parties agreed to hold the motion to dismiss the petition in abeyance until Buhrman's parole hearing, which was to be held later in the month.

{¶ 5} Buhrman was denied parole. After another five months without a ruling, Buhrman filed a motion with the trial court in April 2007, requesting a ruling on the timeliness of his second petition for postconviction relief. In January 2008, the trial court granted Buhrman's motion to dismiss his petition without prejudice. The court specifically declined to rule on either the merits of the petition or its timeliness.

{¶ 6} Buhrman appeals, claiming that the trial court should have ruled on those issues. The state agrees with Buhrman that the case should be remanded to the trial court for a ruling on the timeliness issue. We conclude that the trial court abused its discretion in dismissing the petition without ruling on the merits and timeliness, as directed in our mandate from 2004.

## II

{¶ 7} Buhrman's sole assignment of error is as follows:

{¶ 8} "The trial court violated appellant's Fifth, Sixth, and Fourteenth Amendment rights when it dismissed appellant's petition for post-conviction relief on remand without making any determinations of merit or timeliness while there remained genuine issues of material fact in dispute."

{¶ 9} In his sole assignment of error, Buhrman claims that the trial court should not have dismissed his petition for postconviction relief without ruling on either the merits of the petition or its timeliness. We agree that in accordance with our 2004 remand, the trial court was obligated to so rule.

{¶ 10} It is apparent that the trial court and the parties agreed to postpone ruling on Buhrman's motion to dismiss until after his parole hearing. Buhrman clearly stated that should the hearing not go in his favor, he wished to withdraw his motion to dismiss. He was not granted parole. Although he did not file anything specifically withdrawing the motion to dismiss, Buhrman did file a

motion asking the trial court to rule on the timeliness of his petition. Rather than doing so, the trial court granted the motion to dismiss, which Buhrman had effectively withdrawn. In light of Buhrman's clearly expressed wish to withdraw his motion to dismiss his petition, the trial court's decision to grant his motion and dismiss the petition, thereby continuing to ignore the merits of the petition and declining to determine its timeliness, is an abuse of discretion.

{¶ 11} Accordingly, we reverse the judgment of the trial court and remand this matter to the trial court for a ruling on the merits or timeliness of Buhrman's petition for postconviction relief, or on both the merits and the timeliness of the petition, should that become necessary.

## III

{¶ 12} Buhrman's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and GRADY, JJ., concur.